UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

RICHARD DIMARCO,

                Petitioner,                          MEMORANDUM & ORDER
                                                        07-CV-1906 (NGG)

                - against -

UNITED STATES OF AMERICA,

                Respondent.

----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Richard DiMarco ("DiMarco" or "Petitioner") brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. DiMarco is currently incarcerated at the Metropolitan Detention Center, located in Brooklyn, New York. He raises an ineffective assistance of counsel claim in connection with his guilty plea and sentence in United States District Court, Eastern District of New York. For the reasons set forth below, his petition is DENIED.

## I. BACKGROUND

### A. *Factual Background*

On June 12, 2005, police officers found DiMarco in possession of a Lorcin .380 caliber handgun. The handgun's serial number had been defaced so that it was unreadable. Based on these facts and on DiMarco's prior felony conviction for marijuana possession, on June 25, 2008, a grand jury indicted DiMarco on one count of violating 18 U.S.C. 922(g)(1), which forbids any person previously convicted of a felony from possessing a firearm or ammunition. The grand

1

jury also indicted DiMarco on one count of violating 18 U.S.C. 922(k), which prohibits possession of a "firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce."

B.  *Procedural Background*

Following the Indictment, DiMarco entered into a plea agreement with the United States Attorney's Office for the Eastern District of New York ("Government") on September 27, 2005, in which he agreed to plead guilty to the felon-in-possession count in exchange for the Government's dismissal of the obliterated serial number count. (Petitioner's Plea Agreement ("Plea Agreement.")) The agreement included an estimated United States Sentencing Guidelines ("Guidelines") total offense level of 20, consisting of a Base Offense Level of 20, a two-point enhancement for the weapon's obliterated serial number, and a two-point reduction for acceptance of responsibility. (Id. at 2.) Based upon an anticipated Criminal History Category 3, the plea agreement estimated an applicable Guidelines range of 37 to 46 months.[1] (Id.) In addition, DiMarco agreed "not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 51 months or below. This waiver is binding without regard to the sentencing analysis used by the court." (Id. at 3.)

At DiMarco's sentencing hearing on April 4, 2006, defense counsel argued that DiMarco's Category 3 Criminal History designation was "properly calculated under the guidelines, [but] is an exaggeration and overstates the seriousness of his [previous, marijuana-

---

[1] Pursuant to U.S.S.G. § 3E1.1(b), the Government agreed to move the Court "for an additional one-level reduction" if "the defendant pleads guilty on or before September 27, 2005," lowering DiMarco's total offense level to 19. (Plea Agreement at 2-3.)

related] offense." (Sentencing Transcript at 5.) This court agreed, and reduced DiMarco's criminal history category from 3 to 1, resulting in a revised Guidelines sentencing range of 30 to 37 months. (Id.) The court also noted that "the defendant got a two-level enhancement because the serial number had been obliterated. Isn't that right?" (Id. at 16.) Both the Government attorney and defense counsel concurred. (Id.) After sentencing DiMarco to 30 months in prison, the court advised Petitioner as follows:

> I note from the plea agreement that the defendant agreed not to appeal or otherwise challenge the sentence that I impose upon him if it is 51 months or below. Notwithstanding that, if the defendant believes that the Court has not properly followed the law in sentencing him, he has the right to appeal to the United States Court of Appeals for the Second Circuit. The time to appeal is extremely limited. Therefore, Mr. DiMarco, you should discuss with Mr. Morris immediately whether an appeal would be worthwhile.

(Id. at 18-19.) DiMarco's judgment became final on April 21, 2006. No direct appeal was filed.

On April 18, 2007, Petitioner filed a motion requesting more time to submit a petition for habeas corpus pursuant to § 2255. (Motion for the Court to Grant More Time to File a (2255) Habeas Corpus Petition Under 28 U.S.C. For Ineffective Assistance of Counsel ("April Motion") at 1.) Petitioner stated that he was awaiting necessary paperwork to file an "effective" petition for ineffective assistance of counsel. (Id.) Over the Government's objection, on May 9, 2007, this Court granted the extension.[2] (Order Granting DiMarco Extension at 1-2.)

Petitioner then filed the instant pro se § 2255 petition in which he claims that his trial counsel was constitutionally ineffective. First, he argues that "Petitioner advised his attorney that

---

[2] In its May 9, 2007 order, this court held that DiMarco's motion was detailed enough to constitute "a claim for relief and [that it] was timely filed." The Second Circuit permits courts to construe a *pro se* litigant's request for extension of time to file a habeas corpus petition as a timely-filed § 2255 petition. See Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001).

the points utilized in his sentencing schedule were inconsistent and erroneous. Nevertheless Counsel did nothing." (DiMarco Habeas Corpus Petition ("Petition") at 1.) Second, DiMarco contends that "Counsel never advised his client that he could file a direct appeal." (Id.) DiMarco does not contend that he ever asked his counsel to file a direct appeal. On July 27, 2007, the Government responded to DiMarco's petition with a letter brief ("Letter Brief"), to which DiMarco replied on September 13, 2007.

## II. DISCUSSION

### A. *Standard of Review*

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), permits a prisoner who was sentenced in federal court to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" when he claims "the right to be released upon the ground that the sentence was imposed," among other reasons, "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The statute directs courts to "grant a prompt hearing thereon" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In order to succeed on an ineffective assistance of counsel claim, a petitioner must first show that "counsel's performance was deficient," that is, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, "the defendant must show that the deficient performance prejudiced the defense . . . [and produced] errors . . . so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable."[3] Id. The Court's test is conjunctive; absent either aspect, a litigant may not argue that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Id. In addition, the evidence presented must be considered "in its totality" because some errors may have no effect on relevant evidence, some errors may have "an isolated, trivial effect" on relevant evidence, and "[s]ome errors [may have] a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture." Id. at 695-96.[4]

Finally, the Court stated that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. A court should presume "a wide range of professionally competent assistance," and an attorney is "strongly presumed" to have rendered effective representation. Id. at 690.

**B.** *DiMarco's Petition*

The Government first argues that DiMarco's petition is untimely. 28 U.S.C. § 2255(f) institutes a one-year limitation period for filing a habeas corpus petition, measured in most cases from "the date on which the judgment of conviction becomes final." In this case, DiMarco's petition should have been filed by April 21, 2007 to be timely. On April 18, 2007, DiMarco

---

[3] With regard to the possibility of prejudice affecting the outcome of a trial, the Court noted that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." Id. at 696.

[4] The Strickland test has been described as "rigorous," Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001), and "highly demanding," Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

5

requested an extension of this deadline for filing his Petition.

A court may consider a timely motion for extension of time to be "a substantive motion for relief." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). A timely-filed motion for extension of time may itself be construed as a habeas corpus petition under § 2255. (Id.) As noted above, on May 9, 2007, this Court concluded under Green that "Petitioner's Motion contains sufficient allegations supporting a claim for relief and was timely filed," and thus construed Petitioner's motion as a § 2255 petition. (Order Granting DiMarco Extension at 1-2.) Because the court decided the timeliness issue in its May 9 Memorandum & Order and the Government did not contest the decision at that time, the court declines to revisit the issue here. I now turn to the merits of the petition.

1.  *Was counsel ineffective for failing to object to the two-point enhancement?*

The Guidelines provide for a two-level enhancement "[i]f any firearm . . . had an altered or obliterated serial number," U.S.S.G. § 2K2.1(b)(4), and DiMarco does not contend otherwise. Instead, he argues that he should not have received a two-point enhancement for an obliterated serial number because he did not plead guilty to that count and that counsel was ineffective for failing to challenge the enhancement. DiMarco's argument is without merit.

A plea agreement may set forth "stipulated facts that form the factual predicate for the guilty plea." United States. v. Kilkenny, 493 F.3d 122, 124 (2d Cir. 2007), see also United States v. Berndt, 127 F.3d 251 (2d Cir. 1997) (holding that facts admitted in a plea agreement were appropriate predicates for a sentencing enhancement). When a defendant acknowledges a fact on which a sentencing enhancement is based in his plea agreement and further acknowledges the fact and his awareness of the penalties to which he is subject without objection at the plea

6

hearing, the defendant may not later contend that the enhancement was improper. See Holbdy v. United States, No. 5:05-CV-1406 (NAM), 2008 WL 2704913 *4 (N.D.N.Y. July 8, 2008) (upholding enhancement where defendant was "plainly aware" at his change of plea that he was subject to a specific term of imprisonment based in part on a Guidelines enhancement). Further, "[s]tatements made during a plea allocution are presumptively true absent credible reason[s] justifying departure from their apparent truth." Id. (internal quotation marks and citation omitted).

DiMarco's plea agreement contains no "stipulated facts" section as such, but the plea agreement clearly referenced the fact that his firearm was defaced and that this fact would serve as a basis for a two-level Guidelines enhancement. (Plea Agreement at 4, ¶ 5(a).) Petitioner does not challenge the validity of his plea agreement. Further, the Government agreed only that "no further charges will be brought against the defendant in connection with his unlawful possession of a defaced firearm on June 12, 2005 . . .," but did not suggest that the defaced serial number would not serve as a basis for a Guidelines enhancement and instead clearly indicated that it would. (Plea Agreement at 2, ¶ 2.) Additionally, during his plea hearing, the court specifically asked DiMarco whether he had gone over the sentencing guidelines with his attorney, whether he fully understood them, and whether he understood the predicted "adjusted level of 19." (Plea Tr. at 10-12.) DiMarco responded, "Yes, I do." (Id. at 13.) Like the defendant in Holbdy, DiMarco was "plainly aware" of the proposed sentencing enhancement and never contended that the firearm was not defaced or objected to it as a basis for the enhancement.

In addition to its presence in the plea agreement, the defaced serial number appeared as a basis for the enhancement in the Presentence Report ("PSR"). Unobjected-to facts contained in a

PSR may be used to enhance a sentence. United States v. Brown, 514 F.3d 256, 269 (2d Cir. 2008), accord United States v. Wing, 135 F.3d 467, 469 (7th Cir. 1998) (holding defendant's sentencing enhancement for supervision of a criminal endeavor valid because he did not object to PSR's description of his supervision of a criminal endeavor and because he admitted at sentencing that the PSR was factually accurate). In upholding the enhancement in Brown, the court noted that "Brown's PSR stated unequivocally that on at least two of the guns sold by Brown, the serial numbers were obliterated; and Brown made no objection to that statement." Brown, 514 F.3d at 269.

Here, DiMarco affirmed at the sentencing hearing that he had seen the PSR, which contained the fact of the defaced serial number and used it as a basis for the enhancement.[5] (Sentencing Transcript at 2.) DiMarco did not object. Later in the hearing, the court specifically addressed the enhancement, and both parties acknowledged its appropriateness. (Sentencing Transcript at 16.) Thus, the sentencing enhancement based on the defaced serial number was appropriate. Accordingly, counsel's failure to object was not error and does not give rise to a claim of ineffective assistance of counsel.

2. *Was counsel was ineffective for failing to advise defendant that he could file a direct appeal*

Petitioner's argument that his trial counsel was ineffective for failing to advise him that he could file a direct appeal is similarly without merit. (Petition at 1.)

Counsel is not required in every circumstance to consult with a client about the possibility or desirability of a direct appeal. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). To decide

---

[5] The court told DiMarco, "I have a presentencing report prepared November 18, 2005. Have you seen that, sir?" DiMarco responded, "Yes, sir." (Sentencing Transcript at 2.)

whether such a consultation is necessary for counsel's assistance to have been effective, a court must conduct a "circumstance-specific reasonableness inquiry." Id. at 478. Flores-Ortega found a "constitutionally imposed duty to consult" regarding an appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Highly relevant, though not determinative, is whether the conviction follows a trial or a guilty plea, "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. Even where the defendant pleads guilty, a court must consider such factors as whether the defendant received the bargained-for sentence and the presence, or absence, of any express conditions of the waiver of appeal rights. Id. Further, a petitioner must show that he was prejudiced by counsel's failure to advise of the possibility of direct appeal. Galviz Zapata v. United States, 431 F.3d 395, 397 (2d Cir. 2005). Finally, the Second Circuit has held that counsel must provide information about and file an appeal when a defendant specifically requests it. United States v. Campusano, 442 F.3d 770, 772 (2d Cir. 2006).

In this case, DiMarco waived his right to appeal his sentence if "the Court imposes a term of imprisonment of 51 months or below." (Plea Agreement at 3.) Waivers of appeal "are enforceable in all but a few situations." Campusano, 442 F.3d at 774. Such waivers may not be enforceable when made unknowingly, involuntarily, or incompetently, "when the sentence was imposed based on constitutionally impermissible factors . . ., when the government breached the plea agreement . . ., or when the sentencing court failed to enunciate any rationale for the

9

defendant's sentence." Id. (citations and internal quotation marks omitted). The critical constitutional infirmities suggested by these issues may be of such magnitude as to invalidate a waiver provision. Id.

Petitioner does not argue that his waiver was invalid, nor does the record suggest any of the infirmities identified in Campusano. At his plea hearing, DiMarco affirmed that he fully understood his plea and that he made it voluntarily. (Plea Transcript at 14-15.) DiMarco's 30-month sentence was well below the 52-month threshold below which he had agreed not to appeal, and there is no indication the government breached the plea agreement. Finally, this Court made clear its rationale for the defendant's sentence.[6] (Sentencing Transcript at 14-17.) Accordingly, Defendant knowingly and voluntarily waived his right to appeal the sentence he now contests.

In addition, DiMarco received a sentence at the low end of the Guidelines range that had been estimated in his plea agreement, and he does not contend that he requested that counsel file an appeal.[7] As a result, DiMarco's counsel did not have a constitutionally imposed duty to

---

[6] In a Rule 11 colloquy quoted in part *supra*, the court instructed Petitioner that he should consider post-sentencing appeal options. The Second Circuit has held that a district judge's advice that suggests or explicitly tells a defendant that he may appeal cannot invalidate a plea-bargain waiver of appellate rights that is otherwise enforceable. United States v. Liriano-Blanco, 510 F.3d 168, 173 (2d Cir. 2007). Instruction on appellate options is important precisely because of the infirmities described in Campusano that may, however rarely, abrogate a sentencing or invalidate waivers of appellate rights. At the same time, because of this Court's instruction, Petitioner cannot claim ignorance as to his right to appeal and so cannot claim he was prejudiced by his counsel's failure to advise him about that right.

[7] In Campusano, the defendant asked his attorney to file a direct appeal after his sentencing even though he had signed a plea agreement waiving his right to appeal if he received a minimum sentence (which he did). The court in Campusano found that "failure to file a *requested* notice of appeal constitutes [per se] ineffective assistance and that no independent showing of prejudice need be made in such cases." Campusano, 442 U.S. at 772 (referencing

10

consult with his client about a direct appeal because he had no reason to assume that a rational defendant would want to appeal. Instead, counsel had every reason to expect DiMarco's sentence to end proceedings on a satisfactory note for all parties, and DiMarco has failed to demonstrate that "he would have appealed but for counsel's failure to [consult regarding a direct appeal]." Galviz Zapata, 431 F.3d at 395.

Petitioner's attorney's performance contained no apparent errors and certainly no "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland at 687. Petitioner was not prejudiced by his defense and the result of his plea and sentencing was reliable, fair, and correct. Per the standard of 28 U.S.C. § 2255, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

## III. CONCLUSION

For the reasons discussed above, DiMarco's petition for a writ of habeas corpus is DENIED. A certificate of applicability shall not issue. The Clerk of the Court is directed to close this case.

SO ORDERED

Date: July 31, 2008
Brooklyn, NY

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

---

Roe v. Flores-Ortega, 528 U.S. 470 (2000)) (emphasis added). Thus, Campusano is distinguishable from this case.

11